**EXHIBIT B**

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In the Matter of the Judicial Settlement of the First
Intermediate Account of the Proceedings of Richard Siegler,
Douglas Durst and Jonathan Durst, as Trustees of the Trust
under Agreement dated May 1, 1962, created by

     **SEYMOUR B. DURST,**

                 as Grantor,

for the Benefit of Robert Durst.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    :
    :   **PETITION FOR FIRST**
    :   **INTERMEDIATE**
    :   **ACCOUNTING**
    :
    :   File No.
    :
    :
    :
    :
    :

        The Petition of Richard Siegler, residing at Three Pine Tree Drive, Rye Brook,

New York 10573, Douglas Durst, residing at 182 N. Salem Road, Katonah, New York 10536,

and Jonathan Durst, residing at 17 Old Shop Road, Cross River, New York 10518, (the

"Petitioners") respectfully states:

        **A.**    **TRUST AGREEMENT**

        1.    By Agreement dated May 1, 1962, Seymour B. Durst, as Grantor, and

Royal H. Durst and Robert D. Steefel, as original Trustees, created an irrevocable trust for the

benefit of Robert Durst (the "Robert Durst May 1962 Trust"). A copy of the Trust Agreement

is attached hereto as Exhibit A.

        **B.**    **TRUSTEES**

        2.    Robert D. Steefel served as a Trustee until his death on July 29, 1979.

Paragraph (A) of Clause SIXTH of the Trust Agreement names Bernard E. Brandes to serve as

successor Trustee to Robert D. Steefel, and Bernard E. Brandes took office as Trustee on

August 6, 1979. On May 11, 1988, Bernard E. Brandes resigned as Trustee, and his designated

successor, Jerome A. Manning, took office as Trustee. On September 18, 1992, Jerome A.

Manning resigned as Trustee, and his designated successor, Richard Siegler, took office as Trustee.

3.      Royal H. Durst served as a Trustee until his death on April 15, 1993. His designated successors, Douglas Durst and Jonathan Durst, took office as Trustees on August 22, 1995. David Durst was appointed to serve as an additional Trustee. The date of his appointment and qualification is unknown, but he confirmed his appointment by instrument dated April 11, 1996. David Durst resigned as Trustee by instrument dated December 16, 1999.

4.      Richard Siegler, Douglas Durst and Jonathan Durst currently are serving as Trustees of the Robert Durst May 1962 Trust.

5.      Shirley Durst, David Durst and Jerome A. Manning are the Executors of the Estate of Royal H. Durst, deceased Trustee.

6.      Bernard E. Brandes died on January 20, 1997, subsequent to his resignation. Helen Brandes, Fiduciary Trust Company International and Ronald J. Stein are the Executors of the Estate of Bernard E. Brandes, deceased Trustee.

7.      Margaret Steefel was the Executor of the Estate of Robert D. Steefel, deceased Trustee. Margaret Steefel died in or around October 1996. Caren S. Schweitzer is the surviving Executor of the Estate of Margaret Steefel. At present, a successor Executor has not been appointed for the Estate of Robert D. Steefel. Therefore, the persons interested in the Estate of Robert D. Steefel are being made parties to this proceeding.[1]

---

[1]Under the Will of Robert D. Steefel, Robert and Margaret Steefel's two children, Caren S. Schweitzer and Edward R. Steefel, are the nominated successor Executors to Margaret Steefel. Furthermore, under the Will of Robert D. Steefel, one-half of his residuary estate passed to Margaret Steefel outright.  The other one-half was held in a trust for Margaret Steefel's benefit,

## C.    JURISDICTION AND VENUE

8.    Richard Siegler, Douglas Durst and Jonathan Durst, the current Trustees, reside in the county of Westchester and the State of New York.  Seymour B. Durst, the Grantor, was a resident of Westchester County at the time the trust was created.  Accordingly, pursuant to SCPA § 207, the New York State Surrogate's Court has jurisdiction over the Robert Durst May 1962 Trust, and the proper venue for this proceeding is Westchester County.

## D.    BENEFICIAL INTERESTS

9.    During the life of Robert Durst, the Trustees have discretion to pay to him so much of the income and/or principal as they may deem advisable from time to time.  At his death, Robert Durst may appoint the remaining principal in favor of members of his family consisting of a specified category of individuals (other than his estate, his creditors and the creditors of his estate).

10.    In the event that Robert Durst does not effectively exercise his testamentary limited power of appointment over the principal of the Robert Durst May 1962 Trust, the principal remaining at his death will pass to his issue, per stirpes.  If none of his issue survives him, the principal will pass to the issue of his father, Seymour B. Durst, who survive him, per stirpes, or in default thereof, to the issue of his grandfather Joseph Durst who survive him, per stirpes.  If no such issue is then living, the principal of the Robert Durst May 1962 Trust will pass to The Durst Foundation, Inc.

11.    Notwithstanding the foregoing, any principal which passes (other than by

---

and upon her death, one-half of said trust passed to Caren S. Schweitzer, outright, and the other one-half passed to a lifetime trust for Edward R. Steefel.  The Trustees of that trust were Edward R. Steefel and Alvin T. Levitt.  Edward R. Steefel died on or around May 10, 2003.  Caren S. Schweitzer and Edward R. Steefel were the Executors of the Estate of Margaret Steefel.

exercise of a power of appointment) to a grandchild or great-grandchild of Joseph Durst will

not pass outright to such grandchild or great-grandchild, but instead will pass to a separate trust

for the benefit of such grandchild or great-grandchild to be created under Clause SECOND of

the Trust Agreement, with similar terms to the trust for the benefit of Robert Durst.

        12.     On information and belief, Robert Durst has no issue. Seymour B. Durst

had four children, namely Robert Durst, Wendy Kreeger, Thomas Durst and Douglas Durst, all

of whom are living.

### E.    **ACCOUNTING PROCEEDING**

        13.     The Petitioners, as the Trustees of the Robert Durst May 1962 Trust,

believe that it is in the best interests of the beneficiaries of said trust to account at this time in

view of the forty-year period that has elapsed since the inception of the trust and in order to

disclose the Trustees' transaction involving a certain shareholders' agreement, as discussed in

detail below; therefore, the Petitioners are filing herewith a Verified First Intermediate Account

of the Proceedings of the Trustees for the period from the inception of the trust on May 1, 1962

through and including September 30, 2004 (the "Account").

        14.     It is expected that the former trustees and the fiduciaries of the deceased

former trustees will adopt the Account for the applicable period during which the former

trustees respectively served as trustees.

        15.     By way of inter-vivos Trust Agreements dated May 1, 1962, four of

Joseph Durst's children, Seymour B. Durst, Alma D. Askin, Royal H. Durst and David Durst,

created a separate trust for each of their then living respective children (the "May 1962

Trusts"). Except with respect to the identities of the grantors and beneficiaries, the thirteen

May 1962 Trusts are identical in their terms.

- 4 -

16.     The Trustees of the May 1962 Trusts are granted broad discretionary power to manage the assets of the May 1962 Trusts, including the Robert Durst May 1962 Trust.  Clause FOURTH of the May 1962 Trust Agreements provides, in relevant part, as follows:

FOURTH: In addition to the powers granted by law, the Trustees are hereby granted full power to do everything in administering the trusts that they deem to be for the best interests of the beneficiaries, including power:

(K) To enter into transactions with the Executor or Executors of any Will or the Trustee or Trustees of any trust, even though the Trustees hereunder or either of them, are also acting as such Executor or as such other Trustee.

(L) To continue and carry on and undertake at any time, as a permanent investment, or for any period they deem advisable, any investment in any business enterprises, whether corporate, joint venture, partnership or proprietary; to participate in the conduct of such business, and take (or delegate to others discretionary powers to take) any action in respect of the management of such business which an individual owner of such business could take including (without limitation) power: To vary the nature of such business; to rely on reports of public accountants as to the operation and financial condition of any such business; to invest therein additional funds out of the principal of any trust created hereunder; to make loans to any such corporation or partnership, joint venture or business, secured or unsecured, in such amounts, upon such terms and at such rates of interest as the Trustees deem advisable; to change the capital structure of any such corporation, by providing for the issuance of secured or unsecured bonds or debentures and different classes of stock having preference or no preference and voting or no voting rights and to retain part of the securities so issued and dispose of the rest; to vote for the dissolution of any such corporation or partnership, or the sale of all of its assets, or its merger or consolidation with any other corporation or partnership, or for the transfer of its assets to one or more corporations, partnerships, venturers or joint ventures or business and with power in the Trustees, in such fiduciary capacities, to be members of any such partnerships or joint ventures; to receive reasonable compensation for their services as directors, officers

- 5 -

or employees of any such business, in addition to their commissions as fiduciaries; *in their accountings, not to include in detail all the transactions of such business but to show in summary form only the financial position of the business; and freely to exercise all powers granted by this paragraph even though they or any of them be personally interested in such business, notwithstanding any rules of law relating to divided loyalty or self-dealing.* (emphasis added)

17.     The thirteen May 1962 Trusts, including the Robert Durst May 1962 Trust, are the sole shareholders in The Durst Buildings Corporation ("DBC") and 733 Properties, Inc. ("733").

18.     On October 15, 2001, the thirteen May 1962 Trusts, as shareholders of DBC and 733, entered into a Shareholders' Agreement which was in the best interests of the beneficiaries. The Shareholders' Agreement was signed by the current Trustees on behalf of each of the May 1962 Trusts. Attached hereto as Exhibit B is a copy of the October 15, 2001 Shareholders' Agreement.

19.     The Shareholders' Agreement places certain restrictions on the transfer of shares of DBC and 733. Article 2.2 of the Shareholders' Agreement provides that a Shareholder may transfer shares outright with the consent of two-thirds of the shareholders. The Shareholders' Agreement also provides for the outright transfer of shares without consent, but only to a "Member of the Durst Family," defined in Article 1 of the Shareholders' Agreement as "a lineal descendent of Joseph Durst." Article 2.3 of the Shareholders' Agreement provides:

2.3     Each Shareholder may, without the approval of the other Shareholders, transfer some or all of his, her or its Shares by Will, by descent as a result of intestacy, by the terms of a trust agreement, by exercise of a power of appointment, or by sale, assignment, gift or other disposition to (a) one or more Members of the Durst Family, or (b) a trust or trusts of which one or more

Members of the Durst Family and/or the spouse of a Member of the Durst Family are the sole beneficiaries, provided that (i) from the inception of the trust and continuously thereafter at least fifty percent (50%) of the trustees of such trust are Members of the Durst Family and (ii) any subsequent beneficiary, remainderman or other transferee of or under such trust, whether by Will, laws of intestacy, the terms of the trust agreement, exercise of a power of appointment, gift, sale or otherwise, must be a Member of the Durst Family or another trust that meets the requirements of this clause (b), and the trust instrument or Will must so specify.

20.     The Shareholders' Agreement also includes a provision allowing the corporations to repurchase shares that are transferred in violation of the Agreement. Specifically, Article 2.5 (a) provides:

If all or any portion of a Shareholder's Shares are transferred by operation of law or otherwise to a person other than a permitted transferee pursuant to Sections 2.2 or 2.3 hereof, ... then in addition to all other remedies available to the Corporation, including the right to declare such transfer null and void, DBC or 733, as the case may be, or its designee, shall have the right at its option to purchase some or all of the Shares so transferred (the "Transferred Shares") at their appraised fair market value."

Article 2.5 (b) provides that the fair market value of the Transferred Shares will be determined by an appraiser appointed by DBC or 733.

21.     On or about August 30, 2004, Robert Durst commenced an action against the Trustees in the United States District Court for the Southern District of New York, asserting, inter alia, causes of action for breach of the trust agreements, breach of fiduciary duty, breach of duty of good faith and fair dealing and unjust enrichment and seeking, inter alia, an accounting of the Robert Durst May 1962 Trust (the "Federal Court Action"). These causes of action arise out of the execution of the Shareholders' Agreement as it relates to the Robert Durst May 1962 Trust. Attached hereto as Exhibit C is a copy of the Complaint and Jury Demand of Robert Durst.

22.     The allegations by Robert Durst regarding the Trustees' actions and conduct involve substantive principles of trust law and subject matters regularly adjudicated in Surrogate's Court.  The Surrogate's Court has particular expertise in reviewing fiduciary responsibilities in the course of a trust administration.  Questions regarding the propriety of the Trustees' actions can best be determined within the context of the proceeding for the judicial settlement of the Trustees' Account.

## F.     INTERESTED PARTIES

23.     The current beneficiary of the Robert Durst May 1962 Trust is Robert Durst.  Robert Durst is also the donee of a testamentary limited power of appointment.

24.     On information and belief, Robert Durst has no issue.  The siblings of Robert Durst are referred to as the "First Level Contingent Remaindermen."  The interest of each First Level Contingent Remainderman in the Robert Durst May 1962 Trust is contingent upon (i) such remainderman's surviving Robert Durst, (ii) Robert Durst failing to exercise his testamentary limited power of appointment, and (iii) Robert Durst having no issue at the time of his death.

25.     Each of Robert Durst's siblings has issue.  Robert Durst's nieces and nephews are referred to as the "Second Level Contingent Remaindermen."  The interest of each Second Level Contingent Remainderman in the Robert Durst May 1962 Trust is contingent upon (i) such remainderman's respective parent dying before him or her, (ii) such remainderman surviving Robert Durst, (iii) Robert Durst failing to exercise his testamentary limited power of appointment, and (iv) Robert Durst having no issue at the time of his death.

26.     Robert Durst has numerous first cousins, many of whom have children.  Robert Durst's first cousins and their issue are referred to as the "Third Level Contingent

Remaindermen." The interest of each Third Level Contingent Remainderman is contingent, in part, on there being no First or Second Level Contingent Remaindermen who survive Robert Durst.

27.     The Durst Foundation, Inc., as the remote contingent beneficiary, will receive the trust property if no issue of Robert Durst's grandfather Joseph Durst survive Robert Durst and Robert Durst fails to exercise his testamentary limited power of appointment.

28.     None of the First Level Contingent Remaindermen, the Second Level Contingent Remaindermen, the Third Level Contingent Remaindermen, or The Durst Foundation, Inc. is a present income beneficiary of the Robert Durst May 1962 Trust. Similarly, none of the First Level Contingent Remaindermen, the Second Level Contingent Remaindermen, the Third Level Contingent Remaindermen, or The Durst Foundation, Inc. has a vested remainder interest in the Robert Durst May 1962 Trust. There is no conflict of interest between the First Level Contingent Remaindermen, the Second Level Contingent Remaindermen, the Third Level Contingent Remaindermen and The Durst Foundation, Inc.

29.     SCPA § 315 (3) provides:

> (3)     Representation of contingent interests. Where an interest in the estate has been limited to a person who is a party to the proceeding and the same interest has been further limited upon the happening of a future event to any other person it shall not be necessary to serve such other person.

30.     The First Level Contingent Remaindermen are parties to this proceeding, and the Second and Third Level Contingent Remaindermen's interests are "limited upon the happening of a future event." It therefore appears that the interests of the Second and Third Level Contingent Remaindermen can be represented by the First Level Contingent Remaindermen pursuant to SCPA § 315, as they have the same interest. With respect to the

interests of the children of Petitioner Douglas Durst as Second Level Contingent

Remaindermen, they cannot be represented by their father, who is also a Trustee.  Therefore,

Douglas Durst's children are being made parties to this proceeding.

        31.    On information and belief, so far as can be ascertained with due

diligence, the names, addresses, interests and relationships to the Grantor of all persons

interested in this proceeding who are required to be cited under the provisions of SCPA §2210,

or otherwise, or concerning whom or which the court is required to have information, are set

forth in subdivision (a) or (b):

        (a)  All persons and parties so interested herein who are all full age or

sound mind, or which are corporations or associations, are as follows:

| Name and Address | Relationship to Grantor | Nature of Interest |
|---|---|---|
| Wendy Kreeger<br>665 Milton Road<br>Rye, New York 10580 | Daughter | Contingent Remainder Beneficiary of Robert Durst May 1962 Trust |
| Thomas Durst<br>111 Upper Road<br>Ross, California 94957 | Son | Contingent Remainder Beneficiary of Robert Durst May 1962 Trust |
| Douglas Durst<br>182 N. Salem Road<br>Katonah, New York 10536 | Son | Co-Petitioner; Trustee of Robert Durst May 1962 Trust; Contingent Remainder Beneficiary of Robert Durst May 1962 Trust |
| Anita Durst<br>423 West 43rd Street<br>Apartment 2<br>New York, New York  10036 | Granddaughter (daughter of Douglas Durst) | Contingent Remainder Beneficiary of Robert Durst May 1962 Trust |
| Alexander Durst<br>765 Hartford Drive<br>Boulder, Colorado  80303 | Grandson (son of Douglas Durst) | Contingent Remainder Beneficiary of Robert Durst May 1962 Trust |

- 10 -

| | | |
|---|---|---|
| Helena Durst<br>443 West 43rd Street<br>New York, New York 10036 | Granddaughter<br>(daughter of Douglas<br>Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Jonathan Durst<br>17 Old Shop Road<br>Cross River, New York 10518 | Nephew (son of David<br>Durst) | Co-Petitioner; Trustee of<br>Robert Durst May 1962 Trust;<br>Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Richard Siegler<br>Three Pine Tree Drive<br>Rye Brook, New York 10573 | None | Co-Petitioner; Trustee of<br>Robert Durst May 1962 Trust |
| Jerome A. Manning<br>1835 Franklin Street<br>Apartment 901<br>San Francisco, California  94109 | None | Former Trustee of Robert<br>Durst May 1962 Trust;<br>Executor of the Estate of<br>Royal H. Durst, deceased<br>former Trustee |
| David Durst<br>115 Old Roaring Brook Road<br>Mount Kisco, New York  10549 | Brother | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust; Former<br>Trustee; Executor of the<br>Estate of Royal H. Durst,<br>deceased former Trustee |
| Shirley Durst<br>71 Griffen Avenue<br>Scarsdale, New York  10583 | Sister-In-Law (widow<br>of Royal H. Durst,<br>deceased brother of<br>Grantor) | Executor of the Estate of<br>Royal H. Durst, deceased<br>former Trustee of Robert<br>Durst May 1962 Trust |
| Ronald J. Stein<br>28 Douglass Street<br>Brooklyn, New York  11231 | None | Executor of the Estate of<br>Bernard E. Brandes, deceased<br>former Trustee of Robert<br>Durst May 1962 Trust |
| Helen Brandes<br>480 Park Avenue<br>New York, New York 10021 | None | Executor of the Estate of<br>Bernard E. Brandes, deceased<br>former Trustee of Robert<br>Durst May 1962 Trust |

| | | |
|---|---|---|
| Fiduciary Trust Company International<br>600 Fifth Avenue<br>New York, New York 100021 | None | Executor of the Estate of Bernard E. Brandes, deceased former Trustee of Robert Durst May 1962 Trust |
| Caren S. Schweitzer<br>195 Old Army Road<br>Scarsdale, New York 10583 | None | Nominated Successor Executor u/w/o Robert D. Steefel, deceased former Trustee of Robert Durst May 1962 Trust; Executor of the Estate of Margaret Steefel, deceased Executor u/w/o Robert D. Steefel and beneficiary u/w/o Robert D. Steefel; outright remainder beneficiary of one-half of trust f/b/o Margaret Steefel u/w/o Robert D. Steefel |
| Alvin T. Levitt<br>One Embarcadero Center<br>30th Floor<br>San Francisco, California 94111 | None | Surviving Trustee of trust f/b/o Edward R. Steefel which trust was remainder beneficiary of one-half of trust f/b/o Margaret Steefel u/w/o Robert D. Steefel, deceased former Trustee of Robert Durst May 1962 Trust |
| The Durst Foundation, Inc.<br>1155 Avenue of the Americas<br>New York, New York 10036 | None | Contingent Remainder Beneficiary of Robert Durst May 1962 Trust |
| Attorney General of The State of New York<br>120 Broadway<br>New York, New York 10271 | None | On behalf of Contingent Charitable Remainderperson of Robert Durst May 1962 Trust |

(b)  All persons so interested herein who are infants or incompetents or persons believed to be mentally incapable to adequately protect their rights, or persons whose existence, identity or whereabouts are unknown, are as follows:

| Name and Address | Relationship to Grantor | Nature of Interest |
|---|---|---|
| Robert Durst (inmate #45101-079)<br>Philadelphia Federal Detention Center<br>700 Arch Street<br>P.O. Box 572<br>Philadelphia, PA 19106<br>Attn: Edward Motley, Warden | Son | Current Discretionary Income and Principal Beneficiary of Robert Durst May 1962 Trust; Donee of Testamentary Limited Power of Appointment over Robert Durst May 1962 Trust |

32.     On information and belief, and so far as can be ascertained with due diligence, the names, addresses and relationships to the Grantor of all persons who might be interested in the proceeding but to whom it appears to be unnecessary to serve process because their interests are virtually represented under SCPA § 315 are set forth in subdivision (a) or (b).

(a)  All persons and parties so represented herein who are all full age or sound mind, or which are corporations or associations, are as follows:

| Name and Address | Relationship to Grantor | Nature of Interest |
|---|---|---|
| Keith Kreeger<br>486 Main Street<br>Route 28<br>Harwich Port, Massachusetts 02646 | Grandson (son of Wendy Kreeger) | Contingent Remainder Beneficiary of Robert Durst May 1962 Trust |
| Evan Kreeger<br>P.O. Box 361<br>19 Pines Bridge Road<br>Amawalk, New York 10501 | Grandson (son of Wendy Kreeger) | Contingent Remainder Beneficiary of Robert Durst May 1962 Trust |
| Laura Kreeger<br>1760 Clark Apartment 3 South<br>Chicago, Illinois 60614 | Granddaughter (daughter of Wendy Kreeger) | Contingent Remainder Beneficiary of Robert Durst May 1962 Trust |
| Nan Rothschild Cooper<br>955 Lexington Avenue<br>Apartment 6A<br>New York, New York 10021 | Niece (daughter of Alma Askin) | Contingent Remainder Beneficiary of Robert Durst May 1962 Trust |

- 13 -

| | | |
|---|---|---|
| Emily Rothschild<br>212 East 51st Street<br>New York, New York  10021 | Grandniece (daughter of<br>Nan Rothschild Cooper) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Oliver Rothschild<br>311 Ninth Street S E<br>Washington, D.C.  20003 | Grandnephew (son of<br>Nan Rothschild Cooper) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Peter Askin<br>126 West 78th Street<br>New York, New York  10024 | Nephew (son of Alma<br>Askin) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| James Askin<br>142 West 44th Street<br>Apartment 81<br>New York, New York  10036 | Grandnephew (son of<br>Peter Askin) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Mark Durst<br>151 Lantana Avenue<br>Flagler Beach, Florida  32136 | Nephew (son of Edwin<br>Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Derrick Durst<br>10 Liberty Street<br>Newport, Rhode Island  02840 | Nephew (son of Edwin<br>Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Stephen Durst<br>21835 Dolores Avenue<br>Cupertino, California  95014 | Nephew (son of Royal<br>Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Sol Ethier<br>443 West 43rd Street<br>New York, New York  10036 | Grandnephew (son of<br>Stephen Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Sidra Durst<br>360 Guerrero St. #103<br>San Francisco, California  94103 | Grandniece (daughter of<br>Stephen Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Arian Durst<br>Oregon University Housing<br>63795 Carson<br>Eugene, Oregon  97403 | Grandnephew (son of<br>Stephen Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Peter Durst<br>5455 S Newport Circle<br>Englewood, Colorado  80111 | Nephew (son of Royal<br>Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |

| | | |
|---|---|---|
| Joseph Durst<br>253 N. Broadway<br>Apartment 302<br>Portland, Oregon  97227 | Grandnephew (son of<br>Peter Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Leslie B. Durst<br>1105 S E Chelsea Avenue<br>Van Coover, Washington  98664 | Niece (daughter of<br>Royal Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Robin Morris<br>10944 Glen Wilding Place<br>Bloomington, Minnesota  55431 | Niece (daughter of<br>David Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Dylan Morris<br>10944 Glen Wilding Place<br>Bloomington, Minnesota  55431 | Grandnephew (son of<br>Robin Morris) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Laurel Durst<br>600 West End Avenue<br>Apartment 11D<br>New York, New York  10024 | Niece (daughter of<br>David Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Joshua Durst<br>102 Maple Hill Road<br>Norwich, Vermont  05055 | Nephew (son of David<br>Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Kristoffer Durst<br>22 Holly Hill Lane<br>Katonah, New York 10536 | Nephew (son of David<br>Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |

(b)  All persons so represented herein who are infants or incompetents or

persons believed to be mentally incapable to adequately protect their rights, or persons whose

existence, identity or whereabouts are unknown, are as follows:

| Name and Address | Relationship to Grantor | Nature of Interest |
|---|---|---|
| Javier T. Kreeger<br>486 Main Street<br>Route 28<br>Harwich Port, Massachusetts 02646<br>(d/o/b: 2/23/03)<br>Resides with father, Keith Kreeger | Great-grandson (son of<br>Keith Kreeger) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |

- 15 -

| | | |
|---|---|---|
| Alejandra Kreeger<br>486 Main Street<br>Route 28<br>Harwich Port, Massachusetts 02646<br>(d/o/b: 8/31/04)<br>Resides with father, Keith Kreeger | Great-granddaughter<br>(daughter of Keith<br>Kreeger) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Daniel Durst<br>111 Upper Road<br>Ross, California 94957<br>(d/o/b: 5/12/93)<br>Resides with father Thomas Durst | Grandson (son of<br>Thomas Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Emma Durst<br>111 Upper Road<br>Ross, California 94957<br>(d/o/b: 9/5/89)<br>Resides with father Thomas Durst | Granddaughter<br>(daughter of Thomas<br>Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Sam Askin<br>126 West 78th Street<br>New York, New York 10024<br>(d/o/b: 7/14/91)<br>Resides with father, Peter Askin | Grandnephew (son of<br>Peter Askin) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| John David Askin<br>126 West 78th Street<br>New York, New York 10024<br>(d/o/b: 1/15/95)<br>Resides with father, Peter Askin | Grandnephew (son of<br>Peter Askin) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Mira Durst<br>21835 Dolores Avenue<br>Cupertino, California 95014<br>(d/o/b: 4/28/94)<br>Resides with father, Stephen Durst | Grandniece (daughter of<br>Stephen Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Erin Morris<br>10944 Glen Wilding Place<br>Bloomington, Minnesota 55431<br>(d/o/b: 1/31/87)<br>Resides with mother, Robin Morris | Grandniece (daughter of<br>Robin Morris) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |

| | | |
|---|---|---|
| Owen Strong<br>600 West End Avenue<br>Apartment 11D<br>New York, New York 10024<br>(d/o/b: 4/6/89)<br>Resides with mother, Laurel Durst | Grandnephew (son of<br>Laurel Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Leda Strong<br>600 West End Avenue<br>Apartment 11D<br>New York, New York 10024<br>(d/o/b: 7/12/92)<br>Resides with mother, Laurel Durst | Grandniece (daughter of<br>Laurel Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Lucas Durst<br>17 Old Shop Road<br>P.O. Box 360<br>Cross River, New York 10518<br>(d/o/b: 11/29/89)<br>Resides with father Jonathan Durst | Grandnephew (son of<br>Jonathan Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Nicholas Durst<br>17 Old Shop Road<br>P.O. Box 360<br>Cross River, New York 10518<br>(d/o/b: 10/4/93)<br>Resides with father, Jonathan Durst | Grandnephew (son of<br>Jonathan Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |
| Samson Durst<br>102 Maple Hill Road<br>Norwich, Vermont 05055<br>(d/o/b: 12/22/96)<br>Resides with father, Joshua Durst | Grandnephew (son of<br>Joshua Durst) | Contingent Remainder<br>Beneficiary of Robert Durst<br>May 1962 Trust |

33.     On information and belief, there are no persons other than those above-mentioned that are interested in this proceeding.

34.     On information and belief, no assignment of any interest in the Robert Durst May 1962 Trust has been made, nor are there any liens against such interest.

35.     No previous application has been made to this or any other court for the relief herein requested, other than the aforementioned Federal Court Action.

- 17 -

**WHEREFORE**, your Petitioners pray that:

1.    The Trustees' First Intermediate Account of the Robert Durst May 1962 Trust for the period from the inception of the trust on May 1, 1962 through and including September 30, 2004, be approved and judicially settled;

2.    Richard Siegler, Douglas Durst and Jonathan Durst, the current Trustees, be released and discharged from all liability and responsibility as to all matters embraced in this Account for the period from the inception of the trust on May 1, 1962 through and including September 30, 2004;

3.    Jerome A. Manning, former Trustee of the Robert Durst May 1962 Trust, be released and discharged from all liability and responsibility for the Trustees' transactions for the period from May 11, 1988, the date on which Jerome A. Manning qualified as Trustee, through September 18, 1992, the date of his resignation;

4.    David Durst, former Trustee of the Robert Durst May 1962 Trust, be released and discharged from all liability and responsibility for the Trustees' transactions for the period commencing May 1, 1962, the inception of the trust, through December 16, 1999, the date of his resignation;

5.    The Estate of Royal H. Durst, deceased former Trustee of the Robert Durst May 1962 Trust, and Jerome A. Manning, David Durst and Shirley Durst, co-Executors of the Estate of Royal H. Durst, be released and discharged from all liability and responsibility for the Trustees' transactions for the period from May 1, 1962, the inception of the trust, through April 15, 1993, his date of death;

6.    The Estate of Bernard E. Brandes, deceased former Trustee of the Robert Durst May 1962 Trust, and Ronald J. Stein, Helen Brandes and Fiduciary Trust Company

International, co-Executors of the Estate of Bernard E. Brandes, be released and discharged from all liability and responsibility for the Trustees' transactions for the period from August 6, 1979, the date on which Bernard E. Brandes qualified as Trustee, through May 11, 1988, the date of his resignation;

7.    The Estate of Robert D. Steefel, deceased former Trustee of the Robert Durst May 1962 Trust; the Estate of Margaret Steefel, deceased Executor of the Estate of Robert D. Steefel; Caren S. Schweitzer, nominated successor Executor u/w/o Robert D. Steefel, Executor of the Estate of Margaret Steefel, and outright remainder beneficiary of one-half of trust f/b/o Margaret Steefel u/w/o Robert D. Steefel; and Alvin T. Levitt, surviving Trustee of trust f/b/o Edward R. Steefel which trust was remainder beneficiary of one-half of trust f/b/o Margaret Steefel u/w/o Robert D. Steefel, be released and discharged from all liability and responsibility for the Trustees' transactions for the period from May 1, 1962, the inception of the trust, through July 29, 1979, the date of Robert D. Steefel's death;

8.    Attorneys' fees of Stroock & Stroock & Lavan LLP in the amount of $75,335, all of which has been paid, for services rendered to the Trustees for the period from October 1, 2001 to March 31, 2004 be approved; and

9.    The Court grant such other and further relief as it may deem just and proper.

Richard Siegler

Douglas Durst

Jonathan Durst

Dated: November  16 , 2004

- 19 -

_[signature]_

STROOCK & STROOCK & LAVAN LLP, Attorneys
for Petitioners Richard Siegler and Douglas Durst
By: Ronald J. Stein, Esq.
180 Maiden Lane
New York, New York 10038
(212) 806-6018

_[signature]_

PATTERSON, BELKNAP, WEBB & TYLER LLP,
Attorneys for Petitioner Jonathan Durst,
By: Susan F. Bloom, Esq.
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2976

_[signature]_

BLEAKLEY PLATT & SCHMIDT, LLP, Co-Counsel
for Petitioners
By: William F. Harrington, Esq.
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700

STATE OF NEW YORK           )
                            :   ss.:
COUNTY OF NEW YORK          )

RICHARD SIEGLER, being duly sworn deposes and says that he is a petitioner in this proceeding; he has read the foregoing petition and knows the contents thereof, the same is true to his own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters he believes them to be true.

_____
Richard Siegler

Sworn to before me this
16th  day of November, 2004

_____
Notary Public

SETH D. SLOTKIN
Notary Public, State of New York
No. 31-02SL5067363
Qualified in New York County
Commission Expires Oct. 15, 2005

STATE OF NEW YORK          )
                           :  ss.:
COUNTY OF NEW YORK         )

      DOUGLAS DURST, being duly sworn deposes and says that he is a petitioner

in this proceeding; he has read the foregoing petition and knows the contents thereof, the same

is true to his own knowledge except as to the matters therein stated to be alleged on information

and belief and as to those matters he believes them to be true.

                                    _____

                                      **Douglas Durst**

Sworn to before me this
16th day of November, 2004

_____
Notary Public

SETH D. SLOTKIN
Notary Public, State of New York
No. 31-02SL5067383
Qualified in New York County
Commission Expires Oct. 15, 2006

STATE OF NEW YORK      )
                                 :  ss.:

COUNTY OF NEW YORK  )

          JONATHAN DURST, being duly sworn deposes and says that he is a petitioner

in this proceeding; he has read the foregoing petition and knows the contents thereof, the same

is true to his own knowledge except as to the matters therein stated to be alleged on information

and belief and as to those matters he believes them to be true.

                                           **Jonathan Durst**

Sworn to before me this
16th day of November, 2004

Notary Public

SETH D. SLOTKIN
Notary Public, State of New York
No. 31-02SL5067363
Qualified in New York County
Commission Expires Oct. 15, 2009

THIS AGREEMENT, made and delivered in New York, New York, this | ⅗ day of May, 1962 between SEYMOUR B. DURST of Westchester County, New York (herein called the "Grantor") and ROYAL H. DURST and ROBERT D. STEEFEL (herein called the "Trustees").

## W I T N E S S E T H

The Grantor hereby irrevocably assigns and transfers to the Trustees the property described in the annexed Schedule "A", which property shall be held by the Trustees IN TRUST subject to the following terms and conditions:

FIRST:      (A)   During the life of the Grantor's son ROBERT DURST, the Trustees may pay to such child so much of the income of this trust as the Trustees may deem advisable from time to time in their sole and absolute discretion and all income not directed by the Trustees to be so paid prior to the close of the trust's year (whether calendar or fiscal) shall be accumulated by adding such income to the principal of this trust.

(B)   The Trustees may, in their sole and absolute discretion, at any time and from time to time during the life of ROBERT DURST pay to him so much of the principal of the trust as the Trustees may deem advisable.

(C)    The judgment of the Trustees as to whether, when and to what extent to pay income or principal shall be conclusive.  The Trustees shall have plenary power to pay income or principal for any reason or purpose at any time, without regard to the need of ROBERT DURST therefor and without regard to any other resources that may be available to him.  In exercise of their sole and absolute discretion, the Trustees may pay principal even to the extent of terminating this trust at any time.  Principal so paid shall pass free of this trust.

(D)    Upon the death of ROBERT DURST the remaining principal shall be disposed of as he may appoint by his Last Will, but only to or in favor of one or more persons within a group consisting of: his wife, his issue and issue of the Grantor's father, JOSEPH DURST (provided, however, that issue of JOSEPH DURST shall not include the Grantor, or the estate of ROBERT DURST or the creditors of ROBERT DURST or creditors of his estate).  So much of the principal as is not effectively appointed by ROBERT DURST pursuant to the foregoing pro- visions shall pass on his death to his then living issue, in equal shares per stirpes or in default of such issue to the Grantor's then living issue, in equal shares per stirpes, or in default thereof, to the then living issue, in equal shares

-2-

per stirpes, of the Grantor's father JOSEPH DURST (but if the Grantor is then living, distributions shall be made as if the Grantor were then deceased) or in default of such issue, to THE DURST FOUNDATION, INC.

SECOND:   Notwithstanding any other provision:  Any principal passing (other than by exercise of a power of appointment) under paragraph (D) of Clause FIRST or under paragraph (D) of this Clause SECOND at any time before the expiration of the "permissible period" to a grandchild or great-grandchild of the Grantor's father JOSEPH DURST shall not vest in or be distributed to such beneficiary but shall instead be identified by the name of such beneficiary and held by the Trustees IN TRUST subject to the following terms and conditions:

(A)   During the life of the beneficiary whose name identifies such trust, the Trustees may pay to such beneficiary so much of the income of the trust identified by his or her name as the Trustees, in their sole and absolute discretion, may deem advisable from time to time; all income not so paid prior to the close of the trust's year (whether calendar or fiscal) shall be accumulated by adding such income to the principal of the trust from which the income is derived.

-3-

(B)   During the life of the beneficiary whose name identifies such trust, the Trustees may, in their sole and absolute discretion, at any time and from time to time, pay to such beneficiary so much of the principal of the trust which is identified by the beneficiary's name as the Trustees may deem advisable.

(C)   The judgment of the Trustees as to whether, when and to what extent to pay income or principal shall be conclusive.  The Trustees shall have plenary power to pay income or principal for any reason or purpose at any time, without regard to the need of the recipient therefor and without regard to any other resources that may be available to such beneficiary.  In exercise of their sole and absolute discretion, the Trustees may pay principal even to the extent of terminating this trust at any time.  Principal so paid shall pass free of this trust.

(D)   Upon the death of the beneficiary whose name identifies said trust, the remaining principal of the trust which is identified by the beneficiary's name shall be disposed of as he or she may appoint by his or her Last Will but only to or in favor of one or more persons within a group consisting of:  the beneficiary's spouse, the issue of the beneficiary, spouses of such issue, and issue of the Grantor's father, JOSEPH DURST, (provided, however, that issue of JOSEPH DURST shall not

include the Grantor or the estate of the donee of the power of
appointment or the donee's creditors or creditors of the donee's
estate).  So much of the principal of the trust which is identi-
fied by the beneficiary's name as is not effectively appointed by
such beneficiary pursuant to the foregoing provisions shall pass
on his or her death to such beneficiary's then living issue, in
equal shares per stirpes, or in default of such issue to the
Grantor's then living issue in equal shares per stirpes or in de-
fault thereof to the then living issue, in equal shares per
stirpes, of the Grantor's father, JOSEPH DURST (but if the Grantor
is then living, distribution shall be made as if the Grantor were
then deceased) or in default of such issue, to THE DURST
FOUNDATION, INC.

(E)   Notwithstanding any of the foregoing
provisions of this Clause: Unless sooner terminated by the fore-
going provisions of this Clause, a trust existing under this
Clause for a beneficiary who was not living on the date of this
Trust Agreement shall terminate upon the expiration of the "per-
missible period" and upon such termination the remaining principal
of such trust shall be distributed to the beneficiary whose name
identifies the trust.  For the purposes of this Clause, the term
"permissible period" shall mean the period beginning at the date

-5-

of this Agreement and expiring twenty-one (21) years after the death of the last survivor of the following grandchildren of the Grantor's father, JOSEPH DURST:  Laurel Ann Durst, Joshua Lowell Durst, Robin Paula Durst, Jonathan Denis Durst, Peter D. Durst, Stephen M. Durst, Leslie B. Durst, Robert Durst, Douglas Durst, Wendy Durst, Thomas G. Durst, Peter D. Askin and Nan A. Rothschild.

THIRD:   A share of principal which becomes distributable at the termination of a trust to a minor other than a beneficiary for whom such principal is to be held in trust pursuant to Clause SECOND, shall vest in the minor, but the Trustees may, in their discretion, retain the share for as long as they deem advisable during such minority for the minor's benefit, without giving bond.  The provisions of this Clause are intended to create a power in trust only, and shall not impair the absolute vesting of principal in such minor.  The Trustees may pay, apply and/or accumulate so much of the income of such share, and may pay or apply so much of the principal of such share, as they may deem advisable from time to time for the minor.  The donees of this power in trust shall have all the investment and management powers granted to the Trustees.  When such minor attains twenty-one (21) years, the then remaining principal (including accumulated income) of such share shall be delivered to such minor; or if such minor dies before attaining twenty-one (21) years, such principal shall be delivered on the minor's death to his or her Executor or Administrator.

**FOURTH**:       In addition to the powers granted by law, the Trustees are hereby granted full power to do everything in administering the trusts that they deem to be for the best interests of the beneficiaries, including power:

(A)   To retain so long as they deem advisable the property hereby transferred to the Trustees, and to acquire by purchase or otherwise, any kind of real property and personal property or undivided interests therein, including common and preferred stock, secured and unsecured obligations, interests in any investment companies and investment trusts and discretionary common trust funds, improved and unimproved real estate, oil, gas and mineral royalties and other interests, options, and property which is outside of New York or the United States - all without diversification as to kind or amount, and without being limited to investments authorized by law for the investment of trust funds; and to so invest as a partner or co-venturer; and with power to retain cash principal of any trust uninvested and to retain in the principal of any trust property which produces little or no income - all for such periods as the Trustees may deem advisable and without having to make later adjustments in favor of income.

(B)   To sell for cash or on credit (at public or private sale), exchange, mortgage, lease for any period (either as landlord or tenant and including renewals of the term) and modify, extend or cancel leases, grant options, all regardless of statutory restrictions or the probable duration of any trust, or otherwise dispose of or deal with any real or personal property,

in such manner and upon such terms and conditions as they may
deem advisable and without first obtaining a court order; to erect,
renovate or alter buildings or otherwise improve and manage
buildings and property; demolish buildings; make ordinary and
extraordinary repairs; grant easements and make party wall con-
tracts; dedicate roads; sub-divide; adjust boundary lines and par-
tition; and to do everything with respect to interests in any
property that any individual owner may do.

(C)    To distribute (including distribu-
tios to the Trustees) in kind or in money, or partly in each,
even if shares be composed differently, and for such purposes
the Trustees' determinations and allocations shall be given effect
if reasonably made.

(D)    To apply any income or principal
that is payable to a minor or any person who in the judgment of
the Trustees is incapable of making proper disposition thereof,
by payments on behalf of the beneficiary to anyone with whom the
beneficiary resides and/or by payments in discharge of the bene-
ficiary's bills - all without regard to other resources of the bene-
ficiary, without the intervention of any guardian or committee or
like fiduciary, and without obligation to see to the further
application thereof.

-8-

(E)   In the discretion of the Trustees:
To determine whether or to what extent receipts (including receipts from wasting assets and unproductive property and distributions by corporations of property, securities, rights stock splits, stock dividends and liquidating dividends) should be deemed income or principal, whether or to what extent expenditures should be charged against principal or income, including power to determine whether or to what extent operating profits and/or losses of corporations of which the Trustees are major stockholders, shall be allocated to or between income and/or principal; and to determine in their discretion what other adjustments should be made between principal and income, and to determine also whether or to what extent depreciation should be charged against income.  All of such discretionary powers shall be exercised without giving heed to any statutes, court decisions or rules of law, and without having to make the same determination on later occasions with respect to the same or similar receipt or expenditure.

(F)   To engage and rely on accountants, investment counsel, appraisers and other experts and legal counsel (whether or not any of them be affiliated with the Trustees); to employ agents, custodians of the trust assets, bookkeepers, clerks and other assistants; to remunerate any or all of such persons, and pay their expenses; to enter into voting trusts and use and rely on proxies and committees in respect of corporate matters.

(G)   To renew, assign, alter, extend, compromise, abandon or release, with or without consideration, or submit to arbitration, obligations or claims held by or asserted against the Trustees, or which affect trust assets.

(H)   To hold property in the names of nominees, or so that it will pass by delivery, without disclosing any fiduciary capacity.

(I)   To borrow money to pay taxes or expenses or satisfy encumbrances against property, or to make investments, or in connection with the conduct of any business or venture, or for any other purpose which in the opinion of the Trustees will benefit the beneficiaries or facilitate the administration of the trusts, and pledge or mortgage property as security for any such loans; and to pay interest on borrowed funds.

(J)   In the discretion of the Trustees, to lend money from the principal of any trust to the persons to whom income of such trust may be paid, upon such terms, with or without security and at such rate of interest, if any, as the Trustees may deem advisable.

-10-

(K)    To enter into transactions with
the Executor or Executors of any Will or the Trustee or Trustees
of any trust, even though the Trustees hereunder or either of
them, are also acting as such Executor or as such other Trustee.

(L)    To continue and carry on and under-
take at any time, as a permanent investment, or for any period
they deem advisable, any investment in any business enterprises,
whether corporate, joint venture, partnership or proprietary;
to participate in the conduct of such business, and take (or dele-
gate to others discretionary powers to take) any action in res-
pect of the management of such business which an individual owner
of such business could take including (without limitation) power:
To vary the nature of such business; to rely on reports of public
accountants as to the operation and financial condition of any such
business; to invest therein additional funds out of the principal
of any trust created hereunder; to make loans to any such corpor-
ation or partnership, joint venture or business, secured or unse-
cured, in such amounts, upon such terms and at such rates of inter-
est as the Trustees deem advisable; to change the capital structure
of any such corporation, by providing for the issuance of secured
or unsecured bonds or debentures and different classes of stock
having preference or no preference and voting or no voting rights
and to retain part of the securities so issued and dispose of the
rest; to vote for the dissolution of any such corporation or

-11-

partnership, or the sale of all of its assets, or its merger or
consolidation with any other corporation or partnership, or for
the transfer of its assets to one or more corporations, partner-
ships, venturers or joint ventures or business and with power
in the Trustees, in such fiduciary capacities, to be members of
any such partnerships or joint ventures; to receive reasonable
compensation for their services as directors, officers or employ-
ees of any such business, in addition to their commissions as fidu-
ciaries; in their accountings, not to include in detail all the
transactions of such business but to show in summary form only
the financial position of the business; and freely to exercise
all powers granted by this paragraph even though they or any of
them be personally interested in such business, notwithstanding
any rules of law relating to divided loyalty or self-dealing.

(M)   If the trust principal, at any
time, includes income producing real estate, and if such real
estate is emcumbered by one or more mortgages, the Trustees shall,
from time to time, pay the periodic installments of amortization
on such mortgages out of income without reimbursing income by
reason thereof.  If in any calendar year installments of amorti-
zation required to be paid on such mortgage or mortgages exceed
five (5%) per cent of the unpaid balance owing on such mortgage
or mortgages as of January first of such year, then to the extent

-12-

of such excess, the payment of such installments shall be made out of principal and not out of income, except that where the mortgage requires constant installment payments of combined interest and amortization of principal, all of such constant installment payments, including the interest as well as the full amount of the amortization, shall be paid solely out of income.

(N)   Any Trustee may act for his own account in purchasing, selling or otherwise dealing with properties, real or personal, as though he were not a Trustee hereunder, and whether or not any trust has an interest in the property so involved, and whether or not it might be or might have been advantageous for such trust, rather than the Trustees, to have purchased or otherwise dealt with such property.  Where there is any conflict of interest or competition or possibility of competition between any Trustee acting for himself on the one hand and the trust on the other hand, the other Trustee shall alone act for the trust, if any action be necessary.

FIFTH:   Notwithstanding any of the foregoing provisions:  So long as ROBERT D. STEEFEL or BERNARD E. BRANDES or anyone appointed from time to time succeed either of them as a Trustee, is serving as a Trustee hereunder, the following

-13-

discretionary powers shall be exercisable only by ROBERT D. STEEFEL or BERNARD E. BRANDES or anyone appointed, at any time, to succeed either of them: The discretionary powers to pay income and principal pursuant to Clause FIRST and Clause SECOND; the powers over income and principal granted by Clause THIRD; all of the powers granted by paragraph (E) of Clause FOURTH; all of the powers granted by paragraph (J) of Clause FOURTH.

SIXTH:        (A)    If ROBERT D. STEEFEL ceases to act as a Trustee, BERNARD E. BRANDES shall serve as a Trustee in his stead.

(B)    ROBERT D. STEEFEL, BERNARD E. BRANDES and each person who may be appointed under this paragraph (B) is empowered to appoint any person or persons and/or any bank or trust company to serve as his or her successor Trustee, provided that no appointment by ROBERT D. STEEFEL shall be effective if BERNARD E. BRANDES succeeds him pursuant to paragraph (A).  If no appointment is made to fill the vacancy, such of the other Trustee or Trustees then in office shall make an appointment to fill the vacancy.  Notwithstanding any of the foregoing provisions of this paragraph, no appointment under this paragraph can

-14-

be made at any time during the Grantor's life of any of the following to serve as a successor to ROBERT D. STEEFEL or BERNARD E. BRANDES or any person appointed at any time to succeed either of them:  The Grantor, the Grantor's spouse, any person who is an issue of the Grantor, any brother or sister of the Grantor, the Grantor's father, the Grantor's mother, any employee of the Grantor, a corporation or any employee of a corporation in which the stockholdings of the trust and the Grantor are significant from the viewpoint of voting control; or a subordinate employee of a corporation in which the Grantor is an executive.

(C)   Each person who is in office from time to time as a Trustee, other than ROBERT D. STEEFEL or BERNARD E. BRANDES or anyone appointed at any time to succeed either of them, is empowered to appoint any person or persons (other than the Grantor, or the Grantor's sister ALMA D. ASKIN) and/or bank or trust Company to serve as his or her successor Trustee.

(D)   The person or persons who are in office from time to time as Trustees other than ROBERT D. STEEFEL or BERNARD E. BRANDES or anyone appointed at any time to succeed either of them, is empowered to appoint any person or persons (other than the Grantor or the Grantor's sister ALMA D. ASKIN) and/ or bank or trust company to serve as a co-Trustee.

-15-

(E)   All appointments of successor and additional Trustees shall be by instrument in writing and filed with the Trustee or Trustees then in office.  Any such appointment of a successor Trustee shall be revocable by the person who made the appointment until such person ceases to act, and may be superseded by a new appointment made by the person who revoked the prior appointment.  Appointments of a successor Trustee shall take effect at the time specified in the instrument of appointment, without further formality.  Appointment of co-Trustees shall also take effect at the time specified in the instrument of appointment and shall be effective without further formalities.

(F)   Notwithstanding the foregoing provisions:  All appointments of successor Trustees or co-Trustees shall be made in the individual capacity of the person or persons making the appointment and not in their, his or her fiduciary capacity.  No appointment of a bank or trust company as a Trustee shall be effective if a bank or trust company is already serving hereunder as a Trustee.

(G)   Any Trustee may resign, by an instrument in writing delivered to him or her or its co-Trustee, if any, or if there be no co-Trustee then to the person who succeeds to the trusteeship pursuant to the foregoing provisions.  Such resignation shall be effective upon the acceptance by the successor

Trustee of his appointment as Trustee - or if a co-Trustee is then in office and no successor is to then take office pursuant to the foregoing provisions, such resignation shall be effective upon the delivery of the instrument of resignation to the co-Trustee.

(H)   The account of a resigning Trustee or a deceased Trustee may be settled by the other Trustee or Trustees then in office or if none be in office then by the successor Trustee.

SEVENTH:   (A)   Except as otherwise provided in Clause FIFTH, all of the powers herein granted to the Trustees shall be exercisable by all of the Trustees for the time being acting and by any successor or substitute, and by the Trustee or Trustees in office pending the acceptance of appointment by a co-Trustee or successor Trustee.

(B)   All management and investment powers herein granted shall remain exercisable until distribution of every trust has been completed.

(C)   No one dealing with the Trustees need inquire concerning the validity of anything done by the Trustees or see to the application of any money paid or property transferred to the Trustees or upon the Trustees' order.

(D)    To the extent that such requirements may be dispensed with, no Trustee (including a Trustee who may resign) need render to any Court, annual or any other periodic or final account.

(E)    No Trustee, including one who is appointed, need give bond for the faithful performance of such Trustee's duties even though such Trustee may not be a resident of New York.

(F)    Any Trustee (including one who is a lawyer) or the firm of which such Trustee is a member may contract with the Trustees as if the Trustee were a stranger.  This provision is designed, among other things, to enable legal fees to be paid without prior judicial authorization.

(G)    No Trustee shall be liable for failure to demand or contest an accounting by any predecessor or co-Trustee, or othewise to compel any predecessor or co-Trustee to redress a breach of trust, unless in writing instructed to do so by a current income beneficiary, or if such beneficiary is a minor then by any guardian of such beneficiary.

(H)    Parties dealing with the Trustees shall be protected in relying on a copy of this Trust Agreement which is certified by a Notary Public to be a true copy.

-18-

EIGHTH:      Notwithstanding any of the foregoing provisions: The testamentary power of appointment granted to each donee of a power shall not be deemed to have been exercised unless such donee specifically identifies the power and expressly exercises the power.  The donee may appoint in favor of one beneficiary exclusively or any two or more in equal or unequal shares.  In exercising the power, the donee may appoint outright or in trust and may grant further powers to appoint, provided that beneficial interests may not be appointed at any time in favor of a person who is not within the group to whom the donee of the power may appoint.  Appointments in trust shall be administered by such Trustee or Trustees as the donee may designate, subject to such management and investment powers as the donee may grant.  The donee of the power may direct that an appointed trust shall be administered outside of the State of New York, and shall be governed by the law of the appointed situs.

NINTH:      The Trustees or Trustee who may be in office from time to time may, in his or their or its discretion, render an account of the Trustees' or Trustee's proceedings (i) with respect to the trust under Clause FIRST, to the Grantor's son ROBERT DURST and (ii) with respect to a trust existing under Clause SECOND, to the beneficiary whose name identifies such trust.  If, in any case, such person to whom the account

is to be rendered is then a minor, the Trustees may render the account to the guardian (other than the Grantor) of such person. Such account, if approved in writing by the person or guardian to whom it is rendered in accordance with the foregoing provisions, shall be a final account, binding and conclusive upon all who may then or thereafter have any interest in the trust hereby created. Neither this nor any other provision of this Agreement shall prevent any Trustees or Trustee from electing to have a judicial accounting of the Trustees' or Trustee's proceeding.

TENTH:    The Trustees are empowered to receive additional real or personal property or life insurance which is transferred to the Trustees at any time or bequeathed to the Trustees at any time by the Grantor or any other person, and such property or insurance shall be added to and dealt with as part of the principal of this trust.

ELEVENTH:    The Trustees are authorized to retain any or all of the trusts under Clause SECOND in one fund for the purpose of investments and re-investment, crediting each such trust with its proportionate share of income, profit and depreciation in value and charging each such trust with its proportionate share of expense, losses and diminution in value.  This provision, however, is solely for the purpose of convenience in administration

and shall not be construed to impair the separate character of
each share held thereunder.

TWELFTH:    The term "issue" shall include a person
who is adopted, before or after the date of this Agreement, and
the issue (as so defined) of any such adopted person.

THIRTEENTH:  The validity and construction of the
trusts hereby created shall be governed by the law of New York.

FOURTEENTH:  This Trust Agreement is executed in
three counterparts, any of which may be treated as the original
without producing the other counterparts.

FIFTEENTH:    The Grantor declares that the trust here-
by created is irrevocable and this Agreement may not be amended.

IN WITNESS WHEREOF, the Grantor and Trustees have
hereunto signed and sealed this instrument, the day and year
first above written.

_____
Seymour B. Durst - Grantor

_____
Royal H. Durst - Trustee

_____
Robert D. Steefel - Trustee

-21-

...TE OF NEW YORK   )
                     : ss.:
COUNTY OF NEW YORK  )

On the     day of May, 1962, before me personally came SEYMOUR B. DURST to me known and known to me to be the individual described in and who executed the foregoing instrument and who duly acknowledged to me that he executed the same.

_____
Notary Public

SAM M. BIALKIN
Notary Public State of New York
No. 24-0234550
Qualified in Kings County
Certs. filed with N.Y. Co. Clks. & Reg.
Commission Expires March 30, 1963

STATE OF NEW YORK   )
                     : ss.:
COUNTY OF NEW YORK  )

On the     day of May, 1962, before me personally came ROYAL H. DURST to me known and known to me to be the individual described in and who executed the foregoing instrument and who duly acknowledged to me that he executed the same.

_____
Notary Public

SAM M. BIALKIN
Notary Public State of New York
No. 24-0234550
Qualified in Kings County
Certs. filed with N.Y. Co. Clks. & Reg.
Commission Expires March 30, 1963

STATE OF NEW YORK   )
                     : ss.:
COUNTY OF NEW YORK  )

On the     day of May, 1962, before me personally came ROBERT D. STEEFEL to me known and known to me to be the individual described in and who executed the foregoing instrument and who duly acknowledged to me that he executed the same.

_____
Notary Public

JEROME A. MANNING
Notary Public - State of New York
No. 41-7701175  Queens County
Cert. Filed in New York County
Term Expires March 30, 1964

## SCHEDULE   A

        Annexed to Trust Agreement dated May 1, 1962 between SEYMOUR B. DURST as Grantor and ROYAL H. DURST and ROBERT D. STEEFEL as Trustees for the benefit of ROBERT DURST.

6 shares The Junior Building, Inc., Class I Stock.

6 shares The Junior Building, Inc., Class II Stock.

6 shares The Junior Building, Inc., Class III Stock.


_____
Seymour B. Durst – Grantor

_____
Royal H. Durst – Trustee

_____
Robert D. Steefel – Trustee

I, ALMA D. ASKIN, hereby irrevocably assign and transfer the property described below to ROYAL H. DURST and ROBERT D. STEEFEL as Trustees under Trust Agreement dated May 1, 1962 with SEYMOUR B. DURST as Grantor for the benefit of ROBERT DURST:

| | |
|---|---|
| 1-5/13th shares | The Junior Building, Inc., Class I Stock |
| 1-5/13th shares | The Junior Building, Inc., Class II Stock |
| 1-5/13th shares | The Junior Building, Inc., Class III Stock |

_Alma D. Askin_
ALMA D. ASKIN

DATED: May 1, 1962